Lance C. Venable (AZ Bar #017074)
Law Office of Lance C. Venable, PLLC.
4939 West Ray Rd.
Suite 4-219
Tel: 602-730-1422
Email: docketing@venableiplaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Ginger Price DDS, LLC, an Arizona limited liability company**<br><br>Plaintiff,<br><br>vs.<br><br>**Martin Giniger & Company, Inc., a Florida corporation; Dr. Martin Giniger, an individual; and Total Clean Holdings, LLC a Delaware limited liability company**<br><br>Defendants. | Case No.:<br><br>**Complaint for Quiet Title Judgment** |

Plaintiff, Ginger Price DDS, LLC ("Price DDS"), for its Complaint against the defendants alleges as follows:

### The Parties and Related Entities

1.   Plaintiff Ginger Price DDS, LLC ("Price DDS") is an Arizona professional limited liability company with its principal address located in Phoenix, Arizona.

2. EWC & Associates, LLC ("EWC") is an Arizona limited liability company with its principal business address located in Phoenix, Arizona. EWC and Price DDS are owned by Dr. Ginger Price ("Dr. Price"), an individual whose principal home is in Phoenix, Arizona.

3. On information and belief, Defendant Total Clean Holdings, LLC ("Total Clean") is a Delaware limited liability company with its principal place of business located in New York, New York.

4. Defendant Dr. Martin Giniger ("Dr. Giniger") is an individual whose principal home address is in Boca Raton, Florida.

5. Defendant Martin Giniger & Company, Inc. ("Giniger Company"), is a Florida corporation having a principal business location in Boca Raton, Florida.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. This Court may enter the declaratory relief sought because this case presents an actual controversy and is within this Court's jurisdiction under 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Price DDS, EWC, and Dr. Price are all residents of this judicial district. Additionally, a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

**Background Facts**

9. Dr. Price is a licensed dentist and has practiced dentistry since 1983.

1     10. In 2015, Dr. Price started a business whose principal purpose was to develop, market, and sell new dental hygiene products including coconut oil-based toothpastes and mouthwashes.

    11. In 2015, while developing the coconut oil-based products, Dr. Price sought the assistance of Dr. Giniger as a third-party consultant to collaborate on developing the formula.

    12. In particular, Dr. Price chose Dr. Giniger based on his background and expertise in chemistry to utilize Dr. Price's expertise in dental hygiene and hygiene products and Dr. Giniger's chemistry expertise.

    13. After some initial discussions, Dr. Giniger flew to Phoenix, Arizona, and met with Dr. Price to discuss if the parties had mutual interest in establishing a business relationship.

    14. During the meeting, Dr. Giniger agreed to work with Dr. Price to develop the coconut oil-based formulas for toothpastes and mouthwashes.

    15. Through their respective business entities (Price DDS and Giniger Company), Dr. Price and Dr. Giniger negotiated a Consulting and Royalty Agreement ("the Agreement"). The parties executed the Agreement on June 23, 2015.[1]

    16. The key terms in the Agreement included the following:

    a. Dr. Giniger, through Giniger Company, was to provide consulting as an independent contractor to Price DDS on product formulations;

    b. The Agreement's term was to conclude on June 23, 2018, but could be extended by mutual written agreement between the parties;

    c. Price DDS would pay Giniger Company a 2.0% quarterly royalty based on the gross sales of any product developed or derived, and sold resulting from the Agreement;

---

[1] A copy of the Agreement is attached as Exhibit A to this Complaint.

    d. **All intellectual property and related materials ("the Intellectual Property") including any related work in progress that is developed or produced under the Agreement, will be Price DDS' sole property without restriction in any manner**;

    e. Giniger Company cannot use the Intellectual Property for any purpose other than that contracted for in the Agreement except with Price DDS's written consent; and

    f. Giniger Company is responsible for any damages resulting from the unauthorized use of the Intellectual Property;

17. On August 10, 2015, Dr. Price formed EWC as a holding company for intellectual property that Price DDS would utilize.

18. Over the course of several months, the parties collaborated and developed a coconut oil-based toothpaste product.

19. In 2017, Dr. Giniger informed Dr. Price that he had a new ingredient comprised of bleached or white charcoal that he suggested they should incorporate into the toothpaste.

20. Over the course of several months, the parties collaborated and developed a coconut oil and white coconut shell activated charcoal-based toothpaste product.

21. On March 1, 2018, EWC filed a provisional patent application (U.S. Ser. No. 62/637,208) ("the '208 Application) with the U.S. Patent and Trademark Office.

22. The '208 Application listed Dr. Price and Dr. Giniger as the co-inventors of the invention disclosed in the '208 Application.

23. Concurrently with the filing the '208 Application, Giniger executed an assignment agreement that assigned all his rights in the invention disclosed in the '208 Application to EWC.

24. On February 25, 2019, EWC filed a non-provisional patent application (U.S. Ser. No. 16/284,652) ("the '652 Application"). The '652 Application claimed priority to the '208 application.

25. As with the '208 Application, the '652 Application listed Dr. Price and Dr. Giniger as the co-inventors of the invention disclosed in the '652 Application.

26. Concurrently with the filing the '652 Application, Giniger executed an assignment agreement that assigned all his rights in the invention disclosed in the '652 Application to EWC

27. The '652 Application issued as a U.S. Patent on February 23, 2021, as U.S. Patent No. 10,925,828 ("the '828 Patent").

28. During the same time the parties were collaborating and developing the coconut, white-charcoal-based toothpaste formula (June 2015 to February 2018), Dr. Giniger was developing a white charcoal-based toothpaste that is derived from birch trees.

29. At no time did Dr. Giniger ever inform Dr. Price that he was working on the birch tree white charcoal-based toothpaste formula.

30. On February 13, 2018 – a mere 16 days before Dr. Price and Dr. Giniger filed the '208 Application – Dr. Giniger filed a provisional patent application (U.S. Ser. No. 62/630,033) ("the '033 Application) with the U.S. Patent and Trademark Office.

31. Dr. Giniger listed himself as the sole inventor of the invention disclosed in the '033 Application.

32. That same day, Dr. Giniger executed and filed an assignment of all his rights as an inventor to Defendant Total Clean.

33. At no time did Dr. Giniger or Total Clean ever inform Dr. Price that Dr. Giniger had filed the '033 Application or assigned his rights Total Clean.

1  34. On December 12, 2018, Total Clean filed a non-provisional patent application (U.S. Ser. No. 16,217,401) ("the '401 Application"). The '401 Application claimed priority to the '033 Application.

35. As with the '033 Application, the '401 Application listed Dr. Giniger as the sole inventor of the invention disclosed in the '401 Application.

36. That same day, Dr. Giniger executed and filed an assignment of all his rights in the '401 Application as an inventor to Defendant Total Clean.

37. At no time did Dr. Giniger or Total Clean ever inform Dr. Price that Dr. Giniger and Total Clean had filed the '401 Application or assigned his rights Total Clean.

38. The '401 Application issued as a U.S. Patent on May 19, 2020, as U.S. Patent No. 10,653,596 ("the '596 Patent").

39. The '596 patent lists Dr. Giniger as a single inventor of the claimed invention.

40. Total Clean is listed as the entity who currently owns U.S. Patent No. the '596 patent.

41. At no time did Dr. Giniger or Total Clean ever inform Dr. Price that the '596 Patent issued.

42. In October 2020, Total Clean contacted Dr. Price and notified her that Price DDS' sales of coconut, white charcoal-based toothpastes infringed at least one claim of the '596 Patent.

43. This was the first time that Dr. Price learned of the '596 Patent and Dr. Giniger's covert efforts to develop derivative white charcoal-based toothpaste products and secure patent rights in those products.

44. On April 5, 2021, Dr. Giniger acknowledged that the white charcoal toothpaste that he and Dr. Price collaborated on, regardless of whether it includes white charcoal that is made from either coconut shells or birch trees, is still a white charcoal-based toothpaste simply of different origins.

## COUNT I

### DECLARATORY JUDGMENT TO QUIET TITLE OF THE '596 PATENT

45. Plaintiffs incorporate paragraphs 1-44 by reference as if they were fully stated herein.

46. An actual controversy exists between Price DDS on the one hand and Total Clean, Giniger Company, and Dr. Giniger on the other with respect to the '596 Patent in that Price DDS contends, and Total Clean and Dr. Giniger deny, that Price DDS is the sole and rightful owner of the '596 patent, and that Total Clean is required to assign any rights or claimed rights it did in the '596 Patent to EWC. Moreover, Total Clean and Dr. Giniger may contend, in which case Price DDS denies, that Total Clean has an ownership interest in the '596 Patent.

47. Paragraph 14 of the Agreement required Dr. Giniger and Giniger Company to assign all rights to any products Dr. Giniger collaborated on with Dr. Price, or any related work in progress that Dr. Giniger developed or produced.

48. Paragraph 7 of the Agreement also required Dr. Giniger to provide Dr. Price or Price DDS a report of any product or derivative products' sales and returns.

49. Dr. Giniger developed a white charcoal-based toothpaste derived from birch trees while simultaneously collaborating with Dr. Price and developing a white charcoal-based toothpaste derived from coconuts.

50. Dr. Giniger never informed Dr. Price that he was covertly working on the separate project, which was by his own admission, a derivative product that was subject to the terms of the Agreement.

51. Dr. Giniger never informed Dr. Price that he covertly filed the '208 Application or the '033 Application, nor did he inform Dr. Price that the '596 Patent had issued.

52. Dr. Giniger never informed Dr. Price that he covertly listed only himself as the inventor of the Giniger patent applications.

53. Dr. Giniger never informed Dr. Price that he covertly worked with Total Clean regarding the birch tree, white charcoal-based toothpaste while simultaneously working with Dr. Price during the collaboration of their coconut white charcoal-based toothpaste.

54. Dr. Giniger never informed Dr. Price that he assigned his rights in the invention to Total Clean for the '208 and '033 Applications.

55. Neither Dr. Giniger, nor Total Clean ever notified Dr. Price of any of the ongoing relationship the Dr. Giniger and Total Clean had while collaborating with Dr. Price under the Agreement.

56. Because the birch tree white charcoal-based toothpaste is a derivative product and is undoubtedly related to the work that was in progress between Dr. Giniger and Dr. Price during the term of the Agreement, Price DDS is the rightful owner of all right, title, and interest in the '208 and '033 Applications and the '596 Patent.

57. When Dr. Giniger filed the '208 and '033 Applications, he was under a common law obligation to assign to Price DDS all intellectual property developed for the invention disclosed in the Applications.

58. Dr. Giniger violated his obligation under the Agreement to assign to Price DDS the intellectual property developed during the term of the Agreement.

59. Dr. Giniger's actions have damaged Price DDS and Dr. Price and will continue to damage them unless the cloud over title to their intellectual property is removed and Total Clean, as the unlawful assignee, is specifically compelled to comply with the obligations originally required by Dr. Giniger to assign the rights in the '208 and '033 Applications to Price DDS.

60. Price DDS is entitled to a declaration as between it and Total Clean that Price DDS is the sole legal and equitable owner of the '596 Patent, that Total Clean has no ownership interest in the '596 Patent and to an order that Total Clean execute

any necessary documents to formally confirm Price DDS' ownership and to remove the cloud on Price DDS' ownership created by Dr. Giniger's failure to do so.

61. Price DDS is further entitled to a declaration that as between it and Total Clean that Price DDS is the sole legal and equitable owner of any intellectual property developed during the term of the Agreement.

## COUNT II
## BREACH OF CONTRACT

62. Plaintiffs incorporate paragraphs 1-61 by reference as if they were fully stated herein.

63. Under the Agreement, Dr. Giniger and Giniger Company is required to assign to Price DDS any interest they claimed to have in the '208 and '033 Applications, and the '596 Patent.

64. Dr. Giniger and Giniger Company have breached their obligations under the Agreement to assign to Price DDS any interest they claim to have in the '596 Patent.

65. Price DDS has performed or been excused from performing all of its obligations under the Agreement.

66. As a direct and proximate result of Dr. Giniger's and Giniger Company's breaches, Price DDS has suffered damages exceeding $75,000 exclusive of interest and costs. Price DDS will provide the full amount of the damages when it can more fully ascertain or prove them.

## COUNT III
## SPECIFIC PERFORMANCE

67. Plaintiffs incorporate paragraphs 1-66 by reference as if they were fully stated herein.

68. Price DDS has no adequate remedy at law and is therefore entitled to an order requiring that Total Clean specifically perform its obligation to assign its rights or claimed rights in the '596 Patent to Price DDS under the Agreement and Florida common law.

## COUNT IV
## INJUNCTIVE RELIEF

69. Plaintiffs incorporate paragraphs 1-68 by reference as if they were fully stated herein.

70. On information and belief, Total Clean alleges that it has, or shortly will, take steps to grant to one or more third parties purported license rights involving the technology and intellectual property that Price DDS owns.

71. Unless the Court enters a preliminary and permanent injunction preventing any unauthorized conduct by Total Clean, Price DDS will suffer irreparable harm in that:

    a. pecuniary compensation would not be adequate,

    b. it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief; and

    c. restraint is necessary to prevent a multiplicity of judicial proceedings.

72. Accordingly, Price DDS requests that the Court issue a preliminary and permanent injunction as hereinafter set forth.

## PRAYER FOR RELIEF

A. For a declaration that Price DDS is the sole legal and equitable owner of the '596 Patent;

B. For a declaration that Total Clean and Dr. Giniger have an obligation to assign to Price DDS all rights or claimed rights to any intellectual property Dr.

Giniger may have developed in the course of his contractual relationship under the Agreement with Price DDS;

  C. For an order compelling Total Clean to specifically perform its obligations to assign to Price DDS all rights or claimed rights to intellectual property, including the '596 Patent;

  D. For a preliminary and permanent injunction:

    a. requiring Total Clean and Dr. Giniger, and all those acting in concert with them to assign to Price DDS all rights to intellectual property developed or claimed to have been developed by Dr. Giniger in the course of his contractual relationship under the Agreement with Price DDS;

    b. from Total Clean taking any steps whatsoever purporting to license or grant other rights to third parties in Price DDS' intellectual property, including but not limited to the '596 Patent; and

    c. engaging in any conduct that would convey or tend to convey to third parties that Total Clean has any ownership interest in the '596 patent, or that it or Dr. Giniger has any rights in any other intellectual property developed in the course of Dr. Giniger's contractual relationship under the Agreement with Price DDS or Dr. Price.

  E. For compensatory damages in excess of $75,000 according to proof;

  F. For pre-judgment interest on all compensatory damages;

  G. For its costs incurred in connection with this action; and;

  H. For such other and further relief as the Court deems proper

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated this 18th day of August 2021

**Law Office of Lance C. Venable, PLLC**

By /s/Lance C. Venable
Lance C. Venable SBN 017074
4939 West Ray Rd.
Suite 4-219
Tel: 602-730-1422
Email: docketing@venableiplaw.com
Attorneys for Plaintiff